CV-_16-4042_

*U.S. DISTRICT COURT*
*WESTERN DIST ARKANSAS*
*FILED*
*MAY 02 2016*
*DOUGLAS F. YOUNG, Clerk*
*By_____ Deputy Clerk*

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

CIVIL

*Honorable:*_____

**PLAINTIFFS**

*Jonathan  Jones*

*Christopher  Maxwell*

**v.**

**DEFENDANT**

*Duane  Livingston  Trucking,  Inc.*

---

## *COMPLAINT AT LAW*

Comes now the Plaintiffs, Jonathan Jones and Christopher Maxwell, by and through Charles Sidney Gibson of Gibson Law Office, and state as follows for this complaint:

### Jurisdiction & Venue

1. Plaintiff Jonathan Jones is a resident of Winthrop, Arkansas; Plaintiff Christopher Maxwell is a resident of Quitman, Louisiana and Defendant Duane Livingston Trucking, Inc., is a corporate entity, incorporated under the laws of Texas. It has its principal place of business at Texarkana, Texas. The parties are citizens of diverse states.

2. The tortious events described infra, occurred on or about March 13, 2016, in Miller County, Arkansas.

3. The damages claimed by each Plaintiff separately exceeds $100,000 exclusive of interest, penalties, and costs.

4. Jurisdiction is based upon 28 U.S.C.A §1332. Venue in the Western District, Texarkana Division is appropriate.

## Factual Background

5. Plaintiffs are dog trainers/owners with a focus upon hog dogs. They met online and decided to form a team to participate in a hog catching competition sponsored by the "Arkansas Dog Hunter's Association". The object of the competition was to help reduce the feral hog population that causes damage to the countryside's flora and fauna and secondly, to provide meat to charity specifically, the "Arkansas Hunters Feed the Hungry" charitable organization.

6. On or about March 13, 2016, Plaintiff's were gathering up their two dogs "Tyrone" owned by Plaintiff Jones, and "Venom", owned by Plaintiff Maxwell, on a country road in Miller County. An eighteen (18) wheeler truck leased to Defendant and operated by its driver/employee, acting within the scope of his employment with Defendant at the time, negligently failed to heed advance warnings of the dogs' and Plaintiffs' presence, drove at a high rate of speed through them, striking and killing the dogs.

7. Upon information and belief, it is asserted that the subject driver/employee had just departed an animal food manufacturing facility operated by River Valley Animal Foods.

8. A second semi-truck operated by Defendant did stop upon being flagged down, and it was learned that both trucks were either hauling freight to or from the "River Valley Animal Foods" factory in the vicinity.

## Count I - Negligence

9. Defendant's driver/employee negligently failed to maintain a proper lookout; failed to maintain control of his vehicle; failed to yield to Plaintiffs' right-of-way and drove at an excessive rate of speed, all of which, either singularly or in any combination, proximately caused Plaintiffs' damage of mental anguish in the amount of $750,000 each.

## Count II – Destruction of Property

10. Each dog, had a value of $7,500, which were wrongfully killed by Defendant's driver-employ, thereby damaging each Plaintiff in that amount, in addition to other damages set forth herein.

## Count III – Tort of Outrage

11. Defendant's driver-employee knew or should have known that Plaintiffs likely would suffer emotional distress as a result of his conduct; his conduct was extreme, outrageous, beyond all possible bounds of decency and utterly intolerable in civilized community; his actions caused Plaintiffs distress which was so severe that no reasonable person could be expected to endure it. Plaintiffs have experienced extreme emotional distress, which will continue because it is a permanent injury, proximately caused by outrageous conduct damaging the Plaintiffs in the respective amounts of $750,000 each.

## Count IV – Punitive Damages

12. Because Defendant's driver-employee knew or should have known, in light of the surrounding circumstances, that his conduct naturally and probably would result in injury and that he continued such conduct in reckless disregard of the consequences, punitive damages in the amount $750,000 should be awarded each Plaintiff.

13. Plaintiffs demand a jury trial.

Wherefore, Plaintiffs jointly pray for judgment against Defendant for $1,515,000 compensatory damages and $1,500,000, punitive damages, for costs and all other proper relief.

For the Plaintiffs,

_____
Charles Sidney Gibson, 70027
charlessidneygibson@yahoo.com
**Gibson Law Office**
P.O. Drawer 510
Dermott, AR  71638
Phone: 870-538-3288
Fax: 870-538-5029