IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JONATHAN JONES and
CHRISTOPHER MAXWELL                                            PLAINTIFFS


v.                                    Case No. 4:16-cv-4042


DUANE LIVINGSTON TRUCKING, INC.                                 DEFENDANT


MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendant.  ECF No. 16.

Plaintiffs have responded.  ECF. No. 23.  The Court finds that this matter is ripe for the Court's

consideration.

BACKGROUND

Plaintiffs were part of a group of hunters who were hunting wild hogs at approximately

1:00 a.m. as part of a hog hunting competition.  As the hunt was coming to an end, the hunters

attempted to round up their hunting dogs near a two-lane road and load them into their crates.

The hunters were yelling at the dogs to come to them.  Plaintiff Jonathan Jones was the owner of

a dog named Tyrone, and Plaintiff Christopher Maxwell was the owner of a dog named Venom.

The dogs were on the opposite side of the road when the hunters realized that a tractor-trailer

was traveling on the road.  The driver of the tractor-trailer, Billy Young, was an employee of

Defendant Duane Livingston Trucking, Inc., and he had just departed an animal food

manufacturing facility.

The hunters first spotted the tractor-trailer when it was approximately a half mile away.

As the tractor-trailer approached, the hunters flashed their coon lights and spotlights in an

attempt to get the tractor-trailer to stop because the dogs were near the road. Plaintiff Maxwell testified that "[the dogs] were all over and everything." ECF No. 16-1, p. 8, line 13. He further testified that "[w]e were hollering and dogs were coming back to us, and were trying to get 'em caught and flash [the driver] and everything at the same time." ECF No. 16-1, p. 8, lines 13-16. Two dogs crossed the road, followed by Tyrone and Venom. Both Tyrone and Venom were struck by the tractor-trailer as they crossed the road.

The speed limit on the road is 55 miles per hour. The parties disagree as to exactly how fast the tractor-trailer was traveling when it hit the dogs. Billy Young testified that he was traveling approximately 45 miles per hour; however, Plaintiffs theorize that Young was traveling at an "excessive rate of speed" ECF No. 23-2, p. 19, lines 10-17. There were no streetlights near the road and it was dark at the time of the incident. Plaintiff Jones testified that it was drizzling or sprinkling rain at the time of the incident. ECF No. 16-2, p. 4, line 8. Young testified that he saw something black in the road approximately twelve to fifteen feet before he hit the dogs. Young further testified that he "saw lights later on after [he] got down the road . . . saw somebody come out in the road with a light bar on." ECF No. 23-3, p. 4, lines 7-8. Young thought this could have been hunters that were drinking and had guns, so he did not stop. ECF No. 23-3, p. 4, lines 9-10; ECF No. 23-3, p. 5, lines 10-15.

Some minutes later, a second truck approached the scene and stopped upon being flagged down by the hunters. The driver of the second truck was Ray Squires. Squires testified that he saw lights in the road and thought some people were having vehicle problems. ECF No. 23-4, p. 2, lines 21-22. After he stopped, Plaintiff Jones climbed on the side of Squires' truck and demanded that Squires get on his radio and call the driver of the first truck. Squires, however,

had no way of contacting Young. Squires testified that he could see two dead animals in the road, and that he accidentally stopped his truck on one of them.

After the encounter with Squires, Plaintiffs dragged what was left of the dogs to the ditch, left them there, slept for a couple of hours, and then returned to hunting with other dogs. Plaintiff Maxwell testified that he has trouble sleeping and has lost weight as a result of the incident. Plaintiff Jones testified that he cannot get the scene of the incident out of his mind.

Under a theory of vicarious liability, Plaintiffs allege claims of negligence, destruction of property,[1] and outrage. Plaintiffs also seek punitive damages against Defendant. Plaintiffs jointly pray for judgment against Defendant in the amount of $3,015,000.00. Defendant asserts that it is entitled to summary judgment on all Plaintiffs' claims.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

---

[1] The complaint sets out Count II as "Destruction of Property." Count II consists of one sentence, which states that "[e]ach dog had a value of $7,500, which were wrongfully killed by Defendant's driver-employ, thereby damaging each dog in that amount, in addition to other damages set forth herein." It appears to the Court that Count II is simply a statement of damages and not a separate tort claim.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

<u>DISCUSSION</u>

First, Defendant argues that it is entitled to summary judgment on Plaintiffs' negligence claim. "Under Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Robinson Nursing and Rehabilitation Center, LLC v. Phillips*, 2017 Ark 162, at 15, ___ S.W.3d___ (2017) (citing *Branscumb v. Freeman*, 306 Ark. 171, 200 S.W.3d 411 (2004)). Negligence is never presumed as Plaintiff has the burden of proving negligence. *Id*. "Negligence may be established by direct or circumstantial evidence, but a plaintiff may not rely on inferences based on conjecture or speculation." *Id*.

In the present case, Plaintiffs rely on inferences based solely on conjecture to establish their negligence claim. Plaintiffs offer speculative testimony that Billy Young was driving at an "excessive rate of speed" but offer no proof of his actual speed. Plaintiffs also offer nothing more than speculation regarding how far ahead Young could see and exactly what he could or could not see on the road. Plaintiffs speculate that, because the second truck driver stopped when he saw the hunters, Young could have stopped his truck before hitting the dogs. Based on this speculation, Plaintiffs argue that Young should have seen the dogs sooner or stopped his truck when he saw the lights of the hunters.

The fact that the second truck driver stopped when he saw the hunters does not prove that Young was negligent when he hit the dogs that ran in front of his truck. In fact, the second truck driver testified that, when he stopped to see what was going on, he unintentionally stopped on top of one of the dogs. Plaintiffs' argument that the actions of the second driver support their negligence claim against Young lacks any legal authority and is based on nothing more than speculation and the fact that an accident occurred. "Conjecture and speculation, however, plausible, cannot be permitted to supply the place of proof." *Mangrum v. Pigue*, 359 Ark. 373, 386, 198 S.W.3d 496, 503 (2004). The Court finds that there is no evidence in this case that could cause a reasonable jury to return a verdict in favor of Plaintiffs. Thus, Defendant is entitled to summary judgment on Plaintiff's negligence claim.

Next, Defendant argues that it is entitled to summary judgment on Plaintiffs" outrage claim. To establish a claim for outrage, a plaintiff must establish the following elements:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community;" (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to

endure it.

*Kiersey v. Jeffrey*, 369 Ark. 220, 222, 253 S.W.3d 438, 441 (2007) (quoting *Crockett v. Essex*, 341 Ark. 558, 19 S.W.3d 585 (2000)). The Arkansas Supreme Court "gives a narrow view to the tort of outrage, and requires clear-cut proof to establish the elements in outrage cases." *Id*. "Merely describing the conduct as outrageous does not make it so." *Id*.

In the present case, there is no evidence that the emotional distress sustained by Plaintiffs was so severe that no reasonable person could be expected to endure it. Immediately after the incident at issue, Plaintiffs disposed of the dogs' remains in the ditch, went back to where they were staying, went to sleep for a few hours, and resumed hunting with other dogs later. Neither Plaintiff has ever seen a mental health provider or counselor. Plaintiff Maxwell testified that he has trouble sleeping and has lost twenty pounds because of the accident. While seeing his family physician for another medical issue, he told the physician that he had trouble sleeping. The physician prescribed Maxwell sleep medicine, but Maxwell did not fill the prescription. Plaintiff Jones testified that he also has trouble sleeping because of the accident and replays the accident in his mind.

Plaintiffs' vague claims of having trouble sleeping, losing weight, and replaying the incident simply do not "satisfy the type of distress encompassed by the tort of outrage." *Schmidt v. Stearman*, 98 Ark. App. 167, 179, 253 S.W.3d 35, 45 (2007) (quoting *FMC v. Corp. v. Helton*, 360 Ark 465, 486, 202 S.W.3d 490, 205 (2005)) (finding that the plaintiff's recurrence of depression and his fear of staying on the farm after finding his dogs shot dead do not satisfy the requirements for outrage). Further, the Court cannot find that Young's behavior was "extreme and outrageous" and "beyond all possible bounds of decency." Accordingly, the Court finds that Defendant is entitled to summary judgment regarding Plaintiffs' outrage claim.

<u>CONCLUSION</u>

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 16) should be and hereby is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. A Judgment of even date consistent with this opinion shall issue.

**IT IS SO ORDERED**, on this 27th day of June, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge